LETTS, Chief Judge,
specially concurring:
This is another one of those extraordinary cases involving lewd assault upon young children, in this instance two brothers. We commented in Espey v. State, 407 So.2d 300, 302 (Fla. 4th DCA 1981) about how difficult it is to prove deviant sex acts upon minors, when the adult denies them, and reiterated that the testimony about collateral acts must be relevant to intent and a common scheme or plan. In the instant case, the victim and his brother were both approached in the defendant’s home and were both asked to lie on their stomachs and the defendant simulated sexual intercourse from behind while he and the boys were clothed. In my view, these acts have the kind of “special character ... so unusual as to point to the defendant.” Drake v. State, 400 So.2d 1217,1219 (Fla.1982). Accordingly, the collateral evidence is indeed relevant under the existing case law laid down by our Supreme Court in Williams v. State, 110 So.2d 654 (Fla.1959), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).
This is not to say that I am happy with the Williams Rule exception. Indeed, I expressed my discontent with it in Espey. Nonetheless, it is the law and I would point out that the Third District followed it in the Sias case cited by Judge Anstead.